# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARK SHAW,** | : | **CIVIL NO. 1:18-CV-1348** |
| **Plaintiff** | : | **(Chief Judge Conner)** |
| v. | : | |
| **SUPERINTENDENT,** *et al.*, | : | |
| **Defendants** | : | |

## ORDER

Plaintiff, Mark Shaw, an individual formerly under the jurisdiction of the Pennsylvania Department of Corrections ("DOC"), initiated the above-captioned action pursuant to 42 U.S.C. § 1983. (Doc. 1). The matter is proceeding via an amended complaint. (Doc. 24). Named as defendants are several individuals employed by the DOC. (Id.)

On March 19, 2019, defendants filed a motion to dismiss. (Doc. 29). Plaintiff failed to oppose the motion. Therefore, on May 28, 2019, the court ordered plaintiff to file a brief in opposition to defendants' motion. (Doc. 31). Plaintiff failed to respond. On June 10, 2019, the court's mail to plaintiff was returned as undeliverable, and unable to forward. (Doc. 33). In an effort to ascertain the custodial status of plaintiff, the court accessed the Vinelink online inmate locator, which revealed that plaintiff is out of custody. See https://vinelink.com/#/search.

A *pro se* plaintiff has the affirmative obligation to keep the court informed of his address. (See Doc. 5, at 4, Standing Practice Order in Pro Se Plaintiff Cases;

M.D. Pa. Local Rule of Court 83.18). Should an address change in the course of this litigation, the plaintiff shall immediately inform the court of such change, in writing. (Id.) If the court is unable to communicate with the plaintiff because he has failed to notify the court of his address, the plaintiff will be deemed to have abandoned the lawsuit. (Id.) Plaintiff has not communicated with the court since December 14, 2018. (Doc. 22). The court's inquiry indicates that plaintiff has been released from custody. Thus, it is reasonable to conclude that plaintiff has abandoned this lawsuit.

Accordingly, this 25th day of November, 2019, it is hereby ORDERED that within twenty (20) days of the date of this order, plaintiff shall file with the court his current address. Failure to comply with this order may result in the dismissal of this case for failure to prosecute. See FED. R. CIV. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); Link v. Wabash R.R. CO., 370 U.S. 626, 630-31 (1962) (interpreting Federal Rule of Civil Procedure 41(b) as permitting *sua sponte* dismissals by the court); Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984); see also Donnelly v. Johns-Manville Sales Corp., 677 F.2d 339, 340-41 (3d Cir. 1982) (holding that a district court may *sua sponte* dismiss a case for failure to prosecute or failure to comply with court orders).

    /S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania